IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JAN TAYLOR, CARLA C. CROSSWHITE, and LAURA T. GODSEY, individually and on behalf of a class of all other persons similarly situated and on behalf of the ANB Financial, N.A. Employee Stock Ownership Plan,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>ANB BANCSHARES, INC.; DANIEL DYKEMA; HARRY BROWN; GREGREY D. LANDIS; DEBRA JACKSON; ERIC BROWN, BLAKE EVANS, and VIC EVANS,<br><br>　　　　　　　Defendants. | Case No. 08-5170<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, DIRECTING NOTICE TO CLASS, AND SETTING FINAL APPROVAL AND FAIRNESS HEARING** |

The Parties[1] having made an application pursuant to Rule 23(e)[2] for entry of an order (a) preliminarily approving the settlement of the Litigation pursuant to the Stipulation and Agreement of Compromise and Settlement of Class Action (the "Settlement") filed on July 12, 2011; (b) approving the form of Class Notice and directing the manner of delivery thereof; and (c) scheduling a hearing to consider the fairness of the Settlement pursuant to Rule 23(e)(2), and upon consideration of the Settlement,

　　　　IT IS HEREBY ORDERED THAT:

　　　　1.　　The Settlement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arms-length negotiations among the Parties.

　　　　2.　　A hearing (the "Final Approval and Fairness Hearing") pursuant to Rule 23(e) is

---

[1] The initial capitalization of a term indicates its usage as defined in the Settlement.
[2] All rule references are to the Federal Rules of Civil Procedure.

hereby SCHEDULED to be held before the Court on **October 26, 2011, at 10:00 a.m**. at the United States District Court, Western District of Arkansas, Judge Isaac C. Parker Federal Building, 30 South 6th Street, Fort Smith, Arkansas 72901, for the following purposes:

    a.    to determine whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court;

    b.    to determine whether the Order Approving Settlement and Final Judgment as provided under the Settlement should be entered, and to determine whether the Released Persons should be released of and from the Released Claims as provided in the Settlement;

    c.    to determine whether the proposed plan of allocation of the Settlement Fund is fair and reasonable and should be approved by the Court;

    d.    to consider Named Plaintiffs' application for incentive awards;

    e.    to consider Class Counsel's application for an award of attorney's fees and expenses; and

    f.    to rule upon such other matters as the Court may deem appropriate.

    3.    The form of Class Notice appended hereto as Exhibit 1 is hereby APPROVED. The Administrator shall mail the Class Notice within two weeks of this Order's file stamp date. Class Counsel shall cause the Summary Notice appended hereto as Exhibit 2 to be published as directed in the Settlement.

    4.    Any individual or entity who believes he, she, or it is a Class Member and wishes to participate in the Settlement, but does not receive a copy of the Class Notice, may obtain one on written request. Such persons shall send to the Administrator, Nicholas L. Saakvitne, 532 Colorado Avenue, Second Floor, Santa Monica, CA 90401-2408, a written request for the Class Notice that contains the following information: (a) the full name of (i) the individual or entity making the request and (ii) the employee through whose services the person

claims to be a Class Member; (b) the name used by such employee as of the time his or her employment with the Company ended; and (c) the years during which such employee was employed with the Company.  The request must be mailed by first-class mail, postage prepaid, and postmarked on or before 30 days following the entry of this Order.  The Administrator shall cause a copy of the Class Notice to be promptly sent by first-class mail, postage prepaid, to each person or entity who submits a timely and complete written request.

     5.     In the event that a Class Notice sent by mail is returned as undeliverable, the Administrator shall make reasonable efforts to obtain a valid mailing address within 10 days of the date of the return of the Class Notice.  In any event, such efforts must be completed no less than 60 days before the Final Approval and Fairness Hearing date.  Following each search that results in a corrected address, the Administrator shall promptly resend the Class Notice to the Class Member by first-class mail, postage prepaid.

     6.     Class Counsel shall file a motion for attorney's fees, expenses, and class representative service payments no later than September 16, 2011, which shall be heard at the time of the Final Approval and Fairness Hearing.

     7.     The form and manner of delivery of Class Notice directed hereby meet the requirements of Rule 23(c)(2)(A) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

     8.     Any person or entity wishing to object to the Settlement, or otherwise to be heard concerning the Settlement at the Final Approval and Fairness Hearing, must timely send a notice of intent to object or appear by first-class mail, postage prepaid, to the Administrator and the Court.  To be considered timely, the notice must bear a postmark no later than forty-five (45) days after the Class Notice is mailed.  The notice must set forth any and all objections to the Settlement and include any supporting papers and arguments.  Any person or entity who fails to submit such a timely written notice shall be barred from making any statement objecting to the Settlement, including at said hearing, and shall forever waive his, her, or its objection, except by

special permission of the Court.  Class Counsel shall file any objections with the Court with the motion for final approval.

9. Plaintiffs shall file their motion for final approval of the Settlement no later than September 22, 2011.

10. Pending the Court's further review of the Settlement, all proceedings in the Litigation, other than proceedings pursuant to the Settlement, shall be stayed, and all Class Members shall be enjoined from commencing any other action based upon any of the claims at issue in the Litigation.

11. If the Court fails to approve the Settlement, or if the Settlement is terminated at the discretion of any Party due to a material modification, the Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.  The Parties shall then be restored to their respective positions in the Litigation as of July 16, 2010, except that the trial and pretrial dates previously scheduled in this matter shall be re-set to available future dates on the Court's calendar.  The rights and duties of the Parties shall revert to their status prior to the Settlement, and the Litigation shall continue as if the Settlement had not been reached.  In such event, any order entered by this Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.  The bench trial scheduled for September 19, 2011 is CANCELED and will be rescheduled at a later date, if needed.

Date: July 14, 2011
/s/ Robert T. Dawson
Honorable Robert Dawson
United States District Judge