IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JAN TAYLOR, CARLA C. CROSSWHITE, and LAURA T. GODSEY, individually and on behalf of a class of all other persons similarly situated and on behalf of the ANB Financial, N.A. Employee Stock Ownership Plan,<br><br>Plaintiffs,<br><br>v.<br><br>ANB BANCSHARES, INC.; DANIEL DYKEMA; HARRY BROWN; GREGREY D. LANDIS; DEBRA JACKSON; ERIC BROWN, BLAKE EVANS, and VIC EVANS,<br><br>Defendants. | Case No. 08-5170<br><br>**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT** |

The Parties[1] having filed their Stipulation and Agreement of Compromise and Settlement of Class Action on July 12, 2011 (the "Settlement"), the terms of which are incorporated in their entirety by this reference, and upon consideration of Plaintiffs' Unopposed Motion for Approval of Settlement, Settlement Allocation, and for Entry of Final Judgment; the Declaration of Teresa S. Renaker in support thereof; and Class Counsel's Motion for Award of Attorneys' Fees, Costs, and Incentive Awards (collectively the "Motions");

The Court having entered an Order Preliminarily Approving Class Action Settlement, Directing Notice to Class, and Setting Final Approval and Fairness Hearing (the "Preliminary Approval Order") on July 14, 2011, which specified the manner in which the Administrator was to provide notice of the proposed Settlement to the Class and scheduled a hearing at which the Court would determine whether to approve the Settlement;

The Court having found that the Class received valid, due, and sufficient notice in conformity with the requirements of Rule 23;[2]

---

[1] The initial capitalization of a term indicates its usage as defined in the Settlement.
[2] All rule references are to the Federal Rules of Civil Procedure.

A Final Approval and Fairness Hearing having been held on October 26, 2011, at which all interested persons were given a full opportunity to object to, or be heard regarding, the Settlement, and the Court having read and fully considered all submissions made in connection with the proposed Settlement;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the Litigation and over all Parties in the Litigation pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 1132(e).

2. In accordance with the Court's Preliminary Approval Order, notice was timely given by mail to all members of the Class who could be identified and whose addresses could be ascertained with reasonable effort. The form and manner of delivery to the Class met the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all members of the Class.

3. The motion for approval of the Settlement is hereby GRANTED. The Settlement is approved and so ordered as fair, reasonable, and adequate and the parties to the Settlement are authorized and directed to consummate the Settlement and to perform under the terms of the Settlement. The Litigation, including but not limited to the Complaint, is DISMISSED on the merits with prejudice. This dismissal shall and does include any and all claims that were asserted in the Complaint, or are expressly covered by the Settlement.

4. Named Plaintiffs and each of the Class Members, individually and on behalf of the Releasors, fully, completely, and finally settle and discharge the Released Claims, subject to a single condition subsequent: the filing of the Implementation Notice by the Parties.

5. Named Plaintiffs and each and every Class Member shall be bound by the Settlement, shall have exclusive recourse to the benefits, rights, and remedies provided by the Settlement regarding the Released Claims, and shall be precluded from pursuing any other action, demand, suit or other claim, in any judicial or administrative forum whatsoever, against the Released Persons with respect to the Released Claims.

6. The Class absolutely and unconditionally releases and forever discharges the

Defendants' Released Claims.

7. Nicholas L. Saakvitne is appointed as Administrator of the Settlement, Successor Trustee, Plan Administrator, and Named Fiduciary of the Plan, pursuant to the terms of the Fiduciary Services Agreement attached to the Settlement as Exhibit E.  There are no other fiduciaries to the Plan.

8. The Administrator shall implement the Settlement in accordance with Paragraphs 5.9 and 5.10 of the Settlement.

9. The Plan of Allocation submitted to the Court under seal and set forth in redacted form as Exhibit A hereto is hereby APPROVED.

10. The request for incentive awards to each of the Named Plaintiffs, to be paid from the Settlement Fund, is hereby GRANTED in the amount of $10,000.00 to each Named Plaintiff.  In accordance with the terms of the Settlement, such incentive awards shall be paid within ten (10) business days after the Effective Date.

11. For the reasons set forth in Class Counsel's motion for an award of attorney fees and reimbursement of expenses, that motion is hereby GRANTED and Class Counsel is awarded $500,000.00 in attorneys' fees and $50,934.03 in costs, to be paid from the Settlement Fund.  In accordance with the terms of the Settlement, such fees and expenses shall be paid within ten (10) business days after the Effective Date.

12. The Court reserves jurisdiction over the implementation of the Settlement for all purposes, including (without limitation) all matters relating to the administration, interpretation and effectuation of the Settlement and this Order.

There is no just reason for delay in the entry of this Order Approving Settlement and Final Judgment and the Clerk of the Court is directed to enter the same forthwith as the final judgment in this action pursuant to Rule 58.

Date:  October 26, 2011              /s/ Robert T. Dawson
                                     Honorable Robert Dawson
                                     United States District Judge